**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Ave. SE #231<br>Washington, DC 20003,<br><br>   *Plaintiff*<br><br>   v.<br><br>JOHN G. ROBERTS, JR.,<br>*in his official capacity as Presiding Officer of the Judicial Conference of the United States*,<br>1 First Street NE,<br>Washington, D.C. 20543.<br><br>ROBERT J. CONRAD,<br>*in his official capacity as Director of the Administrative Office of the U.S. Courts*,<br>Administrative Office of the United States Courts<br>One Columbus Circle, NE<br>Washington, D.C. 20544<br><br>   *Defendants.* | Civil Action No.: 25-1232 |

**FIRST AMENDED COMPLAINT**

  1. For several years, the media and enterprising lawmakers have launched an onslaught to destroy the impartiality and political neutrality of Article III courts and, particularly, the Supreme Court. Justices Thomas, Alito, and Kavanaugh have all faced political and physical threats because of the politicization and weaponization of the law. This lawfare has been led by Senator Sheldon Whitehouse and Representative Hank Johnson, relying upon an ideologically favorable legacy media,

to falsely accuse Justices Thomas and Alito of ethical improprieties. Their aim was simple: to chill the judicial independence of these Supreme Court Justices.

2. The Ethics in Government Act of 1978 first required Supreme Court Justices to make financial disclosures, yet it never required disclosures of personal hospitality unrelated to official business. But remarkably, the Administrative Office of the U.S. Courts ("Administrative Office") has recently approved guidance changing the scope of exempt "personal hospitality" activities to be limited to "food, lodging, or entertainment." The changes were drafted by committees within the Judicial Conference of the United States ("Judicial Conference" or "the Conference"), then approved and published by the Administrative Office in the Federal Register and eventually adopted by the Judicial Conference.

3. Not stopping there, Senator Sheldon Whitehouse and Representative Hank Johnson zealously accused Justice Thomas of acting willfully to violate the Ethics in Government Act and directed the U.S. Department of Justice to criminally investigate the matter. Similarly, Senator Whitehouse filed an ethics complaint against Justice Alito, accusing him of violating "several canons of judicial ethics." Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, to the Honorable John G. Roberts, Jr., Chief Justice of the Supreme Court of the United States, Chairman, Judicial Conference of the Supreme Court of the United States, Director, Administrative Office (Sept. 4, 2023).

4. Numerous reviews by the Conference's Committee on Financial Disclosure have all led to the same result. The former chair, Honorable Bobby R. Baldock, his successor, Honorable Joseph H. McKinley, Jr., and former Secretary to the Conference, Honorable Thomas F. Hogan, have all issued determinations that the alleged errors and omissions by Justice Thomas were not willful. Yet despite the repeated and conclusive findings for over a decade, Senator Whitehouse and others have not given up their onslaught of attacks.

5. The Judicial Conference and the Administrative Office are central levers for Senator Whitehouse and Representative Johnson's lawfare enterprise. The Conference and the Administrative Office have actively accommodated oversight requests from these congressmen concerning their allegations against Justices Thomas and Alito. Under our constitutional tradition, accommodations with Congress are the province of the executive branch. The Judicial Conference and the Administrative Office are therefore executive agencies. Such agencies must be overseen by the President, not the courts. Judicial relief here not only preserves the separation of powers but also keeps the courts out of politics.

6. Plaintiff America First Legal Foundation ("AFL") brings this action against the Honorable John G. Roberts, Jr. and the Honorable Robert J. Conrad, in their official capacities as Presiding Officer of the Judicial Conference and Director of the Administrative Office, respectively, to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

7. The federal judiciary is the system of courts. These courts are made up of judges who preside over cases and controversies. The executive branch, on the other hand, is responsible for taking care that the laws are faithfully executed and ensuring the proper functioning of the government. Federal courts rely on the executive branch for facility management and security. Federal judges, as officers of the courts, need resources to fulfill their constitutional obligations.

8. Courts definitively do not create agencies to exercise functions beyond resolving cases or controversies or administratively supporting those functions. But the Administrative Office of the U.S. Courts does exactly that. The Administrative Office is controlled by the Judicial Conference, headed by the Chief Justice of the United States Supreme Court, John Roberts. The Administrative Office is run by an officer appointed by—and subject to removal by—Chief Justice Roberts. 28 U.S.C. § 601.

9. Congress cannot constitutionally delegate to an officer improperly appointed pursuant to Article II powers exceeding those that are informative and investigative in nature. *Buckley v. Valeo*, 424 U.S. 1, 137–39 (1976).

10. The Judicial Conference's duties are executive functions and must be supervised by executive officers who are appointed and accountable to other executive officers. *United States v. Arthrex, Inc.*, 594 U.S. 1, 6 (2021) (Officers who engage in executive functions and are not nominated by the President "must be directed and supervised by an officer who has been.").

11. Thus, the Judicial Conference and Administrative Office exercise executive functions and are accordingly subject to FOIA. Accordingly, their refusal to comply with AFL's FOIA request is unlawful.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 et seq.

13. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

14. Plaintiff AFL is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, and ensure due process and equal protection for all Americans. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media.

15. Defendant, John G. Roberts, Jr., in his official capacity as Presiding Officer of the Judicial Conference of the United States, is the head of an "agency" within the meaning of 5 U.S.C. § 552(f).

16. The Judicial Conference of the United States is located at 1 First Street NE, Washington, D.C. 20543.

17. The Judicial Conference is a policymaking body that oversees the Administrative Office and appoints and removes its directors.

18. Defendant, Robert J. Conrad, in his official capacity as Director of the Administrative Office of the U.S. Courts, is the head of an "agency" within the meaning of 5 U.S.C. § 552(f).

19. The Administrative Office of the U.S. Courts' office is located at 1 Columbus Circle NE, Washington, D.C. 20002.

20. The Administrative Office has its own self-contained, organizational structure, composed of over 1,000 employees and numerous committees with distinct functions.

**FACTS**

21. Recently, the media and liberal lawmakers have sought to undermine the political independence of Article III Courts.

22. Upon information and belief, Senator Whitehouse and Representative Johnson communicated with staff from the Judicial Conference and the Administrative Office related to their allegations against Justices Thomas and Alito.

23. On July 30, 2024, AFL submitted FOIA requests to the Judicial Conference and the Administrative Office seeking records of communications between the agencies and Senator Whitehouse, Representative Johnson, or any member of their staff. *Exhibits 1*, *2*.

24. On September 6, 2024, Ethan Torrey, Legal Counsel to the Supreme Court of the United States, responded to AFL's request to the Judicial Conference. The response stated the agency's belief that both the Judicial Conference and the Administrative Office are exempt from the FOIA. *Exhibit 3*.

6

25. On November 8, 2024, Andrew Grant, Financial Disclosure Committee Counsel to the Administrative Office, replied to AFL's request to the Administrative Office. The response stated the agency's belief that the Administrative Office is exempt from the FOIA. *Exhibit 4.*

26. AFL believes that these decisions are legal errors and that the Judicial Conference and the Administrative Office are subject to FOIA.

*The Judicial Conference Is an Executive Agency Subject to FOIA*

27. The FOIA incorporates the Administrative Procedure Act's ("APA") definition of "agency," which means "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include . . . the courts of the United States." 5 U.S.C. §§ 551(1), 552(f)(1). Specifically included within its definition are "independent establishment[s]," §§ 104, 105, and "any independent regulatory agency[s]." § 552(f)(1).

28. The Judicial Conference is subject to the APA and the FOIA because it is: (1) an independent establishment, and (2) an independent executive agency. Unlike Article III institutions, which are intended to adjudicate, an executive agency holds inherent regulatory powers from which it formulates rules relating to its organization, procedures, or practice requirements. *Accord.* 5 U.S.C. § 552(a)(1).

29. The Judicial Conference is not a "court of the United States," nor has it been ordained one by Congress. *See* 28 U.S.C. § 451.

30. The Conference's ministerial duty to respond to congressional oversight exemplifies its status as an administrative body rather than a court of law. Congress

7

has asserted that it "created the Judicial Conference by statute, funds the Judicial Conference through appropriations, and enacted the ethics laws the Judicial Conference administers, and so has an obvious interest in overseeing these matters." Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights & Henry C. Johnson, Jr., Ranking Member, House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet, to Robert Conrad, Director, Administrative Office (June 17, 2024).

31. The Judicial Conference's organic statute prescribes the agency a variety of regulatory and administrative roles. 28 U.S.C. § 331. The Judicial Conference's authority to promulgate and amend regulations makes it an independent regulatory agency, subjecting it to the FOIA. 5 U.S.C. § 552(f)(1).

32. The Judicial Conference has duties that are independent from the judiciary's role in resolving cases or controversies, thus qualifying it as an independent establishment, and as such, an agency.

33. The Judicial Conference has the power to "prescribe and modify rules for the exercise of the authority provided in [28 U.S.C. §§ 351 et seq.]," which are required to be carried in effect by "[a]ll judicial officers and employees of the United States." § 331.

34. The Judicial Conference is required to provide the public with notice and an opportunity to comment when proposing rules to be prescribed. 28 U.S.C. §§ 358(c), 2073. Moreover, proposed rules are required to be published in the Federal Register—

the official journal that documents rules made by agencies. *Procedures for the Judicial Conference's Committee on Rules of Practice and Procedure and Its Advisory Rules Committees*, as codified in *Guide to Judiciary Policy*, Vol. 1, § 440.20.40.

35. Notably, the Federal Register Act and the APA—acts requiring agencies to provide public notice and an opportunity to participate in policymaking—establish and outline the rulemaking process by which *Executive Branch agencies* issue legally binding rules. *See* 44 U.S.C. § 1501. Neither Congress nor courts publish their constitutional pronouncements in the Federal Register.

36. Further, the Judicial Conference's organic statute authorizes the Conference to create standing committees, whose members are *appointed* by the Chief Justice, and are authorized to "hold hearings, take sworn testimony, issue subpoenas and subpoenas duces tecum, and make necessary and appropriate orders in the exercise of its authority." *Compare* 28 U.S.C. § 331 (2021), *with* Act of June 25, 1948, ch. 646, 62 Stat. 869, 907 (The original enactment of Title 28 of the United States Code did not provide the Judicial Conference with enumerated subpoena authorities. It was not until later statutory amendments that Congress expanded the agency's executive powers to include issuing and enforcing subpoenas.).

37. The committees' powers preclude the members from being mere employees; they must be officers. Accordingly, if the Chief Justice does indeed have this power to appoint officers, then he must be acting as an agency head, subjecting the Judicial Conference to the FOIA.

38. The Presiding Officer of the Conference is required to submit to Congress reports of proceedings and recommendations for legislation. 28 U.S.C. § 331. Congress has the authority to direct agencies and administrative officers or employees to report to the legislature, but judges are independent of any Congressional control save for impeachment. Directing the Chief Justice to take such action indicates the Judicial Conference acts as a federal agency.

39. The Presiding Officer of the Judicial Conference is a principal officer and is required to be presidentially appointed. The power to further appoint other executive officers of its subsidiary agency, the Administrative Office, reaffirms this fact. 28 U.S.C. § 601.

40. The Administrative Office's Director, to the extent he engages in executive powers with no superior other than the President, is a principal officer.

*The Administrative Office Is an Executive Agency Subject to FOIA*

41. As a subsidiary of the Judicial Conference, the Administrative Office is an independent establishment, making it an "agency." Its substantial performance of executive functions subjects it to the FOIA's requirements.

42. The Administrative Office is not a court. It has no judicial power, and its officers and employees are not acting as judges when acting pursuant to their Administrative Office roles. *See* 28 U.S.C. § 607 (expressly prohibiting all officers and employees of the Administrative Office from engaging directly or indirectly in the practice of law in any court of the United States). Further, unlike courts of the United

States that require judges to be removed by impeachment, the Director is appointed and removed by the Chief Justice. *Id.* § 601.

43.   The Administrative Office has been responsive to congressional oversight. Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights & Henry C. Johnson, Jr., Ranking Member, House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet, to Robert Conrad, Director, Administrative Office (June 17, 2024); U.S. Congress, Senate Committee on Appropriations, *Financial Services and General Government Appropriations Bill, 2024*, report to accompany S. 2309, 118th Cong., 1st sess., July 13, 2023, S. Rep. 118-61, at 46. It is hornbook administrative law that only executive branch entities, not the courts, are subject to legislative oversight. Russell Wheeler, *Justice Thomas, Gift Reporting Rules, and What a Supreme Court Code of Conduct Would and Wouldn't Accomplish*, Brookings (May 1, 2023), https://perma.cc/C7HQ-JHA5. To hold that the Administrative Office is a court is tantamount to concluding that Congress has the power to superintend judges through its oversight power.

44.   28 U.S.C. § 601 plainly states that the Director of the Administrative Office is an officer of an executive agency. ("The Director and Deputy Director shall be deemed to be officers for purposes of title 5, United States Code."); *see* 5 U.S.C. § 2104 (defining "officer" as an individual who is: (1) required by law to be appointed by the President, a court, *the head of an executive agency*, or the Secretary of a military department; (2) "engaged in the performance of a Federal function under

11

authority of law or an Executive act;" and (3) "subject to the supervision" of one of the previously listed authorities "or the Judicial Conference of the United States, while engaged in the performance of the duties of his office."). Thus, unlike judges who do not require executive supervision, the Director is required to be supervised while performing executive functions as the head of an executive agency.

45.    The Administrative Office is an independent agency within the executive because it engages in executive functions.

46.    The Director of the Administrative Office exercises core executive functions with vast discretion and autonomy.

47.    The Director issues regulations implementing the Fair Chance to Compete for Jobs Act of 2019. 28 U.S.C. § 604(i)(5)(A) ("The regulations issued . . . shall be the same as substantive regulations promulgated by the Director of the Office of Personnel Management."). That Act requires the Office of Personnel Management, the General Services Administration, and the Department of Defense—all executive agencies—to issue the same regulations.

48.    The Director has complete discretion in fixing the compensation of, and appointing, inferior officers. 28 U.S.C. §§ 602, 604(a)(5), (16)(A).

49.    Further, "[a]ll functions of other officers and employees of the Administrative Office and all functions of organizational units of the Administrative Office are vested in the Director," and even more, "[t]he Director may delegate any of the Director's functions, powers, duties, and authority . . . to such officers and employees" as he may choose. *Id.* § 602(d).

## CLAIMS FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552

50. AFL repeats and reincorporates the preceding paragraphs.

51. AFL properly requested records within the possession, custody, and control of the Defendants.

52. The Defendants have failed to produce the requested records, and statements have been made on their behalf that they will not do so.

53. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(c)(i).

54. The Defendant has violated the FOIA by failing, within the prescribed time limit, to (i) reasonably search for records responsive to AFL's FOIA requests; (ii) provide a lawful reason for the withholding of any responsive records; and (iii) segregate exempt information in otherwise non-exempt responsive records.

## PRAYER FOR RELIEF

AFL respectfully requests this Court:

i. Declare that the records sought by these requests, as described in the foregoing, must be disclosed under 5 U.S.C. § 552;

ii. Declare that the Defendants are subject to the FOIA as independent agencies within the executive branch;

iii. Order the Defendants to conduct searches immediately for all records responsive to AFL's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records;

  iv. Order the Defendants to produce by a date certain all non-exempt records responsive to AFL's FOIA requests;

  v. Award AFL attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E); and

  vi. Grant AFL such other and further relief as this court deems proper.

April 22, 2025

              Respectfully submitted,

              <u>/s/ William Scolinos</u>
              WILLIAM SCOLINOS (DC Bar No. 90023488)
              DANIEL EPSTEIN (DC Bar No. 1009132)
              AMERICA FIRST LEGAL FOUNDATION
              611 Pennsylvania Avenue SE #231
              Washington, DC 20003
              (301) 965-0179
              William.Scolinos@aflegal.org

              *Counsel for America First Legal Foundation*