

July 30, 2024

**VIA MAIL**

The Honorable John G. Roberts, Jr.
Chief Justice of the United States
Chairman, Judicial Conference of the United States
Supreme Court of the United States
1 First Street NE
Washington, DC 20543

**Freedom of Information Act Request**

Dear Chief Justice/Chairman Roberts,

America First Legal Foundation ("AFL") is a national, nonprofit organization. AFL promotes the rule of law in the United States, prevents executive overreach, ensures due process and equal protection for all Americans, and promotes knowledge and understanding of the law and individual rights guaranteed under the Constitution and laws of the United States. To that end, we file Freedom of Information Act ("FOIA") requests on issues of pressing public concern, then disseminate the information we obtain, making documents broadly available to the public, scholars, and the media. Using our editorial skills to turn raw materials into distinct work, we distribute that work to a national audience through traditional and social media platforms. AFL has over 228,000 followers on Facebook, 251,000 followers on X, and our Founder and President has over 680,000 followers on X.

**I.    Background**

The Ethics in Government Act of 1978 required Supreme Court Justices to make financial disclosures, yet it never required disclosures of personal hospitality unrelated to official business.[1] The Judicial Conference of the United States ("the Conference") has recently revised the Judicial Conference regulations changing the scope of exempt "personal hospitality" activities to be limited to "food, lodging, or entertainment."[2] The rules and its revisions were drafted by the Conference's

---

[1] Public Information Office, Justice Clarence Thomas Public Statement, (available at https://tinyurl.com/23jx9prw).
[2] Letter from Roslynn R. Mauskopf, Director, Administrative Office of The United States Courts, to Sheldon Whitehouse, Chairman, Federal Courts, Oversight, Agency Action, and Federal Rights,

committees, whose members were appointed by the Chief Justice.[3] The Administrative Office then published the rules in the Federal Register, and the Judicial Conference later approved them.[4] Once rules are approved, the Supreme Court promulgates them and the rules become law unless rejected by Congress.[5]

Notwithstanding the newly implemented rule, there has been an assault on America's two most conservative Justices, Clarence Thomas and Samuel Alito.[6] To illustrate, Senator Sheldon Whitehouse and Representative Hank Johnson have zealously accused Justice Thomas of acting willfully to violate the Ethics in Government Act and have directed the U.S. Department of Justice to criminally investigate the matter.[7] Numerous reviews by the Conference's Committee on Financial Disclosure have all led to the same result. The former chair, Honorable Bobby R. Baldock, his successor, Honorable Joseph H. McKinley, Jr., and former Secretary to the Conference, Honorable Thomas F. Hogan, have all issued determinations that the alleged errors and omissions by Justice Thomas were not willful.[8] Yet despite the repeated and conclusive findings for over a decade, Senator Sheldon Whitehouse and others have not given up their onslaught of attacks.[9] Similarly, Senator Whitehouse

---

Committee on the Judiciary United States Senate (March 23, 2023) (available at https://tinyurl.com/2yewu8bv).

[3] Administrative Office of the U.S. Courts, *Understanding the Federal Courts*, USCOURTS.GOV, (available at 10, https://tinyurl.com/mptft9na) (last visited July 21, 2024).

[4] *Id.*

[5] *Id.*

[6] *See* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, and Henry C. Johnson, Jr., Ranking Member, House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet, to Roslynn R. Mauskopf, Secretary, Judicial Conference of the United States (April 14, 2023) (available at https://tinyurl.com/32rj8v4p); *see also* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, to John G. Roberts, Jr., Chairman, Judicial Conference of the United States (Sept. 4, 2023) (available at https://tinyurl.com/yp7enmtc); *see also* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, to John G. Roberts, Jr., Chairman, Judicial Conference of the United States (Oct. 2, 2023) (available at https://tinyurl.com/38smfbcr).

[7] *See* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, and Henry C. Johnson, Jr., Ranking Member, House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet, to Robert Conrad, Director, Administrative Office of The United States Courts (June 17, 2024) (available at https://tinyurl.com/3ry2fhun); *see also* Letter from Louise M. Slaughter, Member of Congress, and Earl Blumenauer, Member of Congress, to Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division (May 1, 2024) (available at https://tinyurl.com/ye29zttp).

[8] *See* Letter from Roslynn R. Mauskopf, Secretary, Judicial Conference of the United States, to Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights (May 15, 2023) (available at https://tinyurl.com/5888d7xs); *see also* Letter from Thomas F. Hogan, Secretary, Judicial Conference of the United States, to Louise M. Slaughter, House of Representatives Member (Dec. 22, 2011) (available at 25, https://tinyurl.com/5888d7xs).

[9] *See* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, and Ron Wyden, Chairman, Senate Committee on

has filed an ethics complaint against Justice Alito accusing him of violating "several canons of judicial ethics."[10]

## II.   Legal Principles

According to its website, "[t]he Administrative Office [of the United States Courts] is responsible for carrying out Judicial Conference policies. A primary responsibility of the Administrative Office is to provide staff support and counsel to the Judicial Conference and its committees."[11] As such, the Administrative Office is effectually a subsidiary of the Conference.[12] Notably, the Director and Deputy Director of the Administrative Office "shall be deemed to be officers for purposes of title 5, United States Code." The role given to the Chief Justice of the United States of appointing the "Director and Deputy Director" of the Administrative Office, the chief administrative officers of the federal courts, while also supervising the Judicial Conference reveals that the Chief Justice is supervising federal agencies. Moreover, the Conference's creation of policies and the Administrative Office's implementation of them establishes their roles as policymaking and enforcing agencies—independent from the Court's adjudicatory function. Notwithstanding potential Constitutional constraints in a Supreme Court Justice having the power to appoint and remove a Title 5 (i.e., federal agency) officer, the fact that Congress established the head of the Administrative Office as a federal agency official makes plain that the Administrative Office and any overseeing agencies are subject to FOIA.

The Supreme Court has held, "[i]n our constitutional system, the executive power belongs to the President," a power including that to supervise and remove agents wielding executive power in his stead.[13] The Court further held, "While we have previously upheld limits on the President's removal authority in certain contexts, we decline to do so when it comes to principal officers who, acting alone, wield significant executive power. The Constitution requires that such officials remain dependent on the President, who in turn is accountable to the people."[14] Relevant here, the Chief Justice's sole power to appoint and remove the Director and Assistant Director

---

Finance, to Lee Ann Bennett, Acting Secretary, Judicial Conference of the United States (Feb. 7, 2024) (available at https://tinyurl.com/23hr2ze3).

[10] Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights to Chief Justice John Roberts (Sept. 4, 2023) (available at 1, https://tinyurl.com/y4y5kute).

[11] *See* United States Courts, *Judicial Administration*, USCOURTS.GOV, https://tinyurl.com/6cvwtpn2 (last visited July 15, 2024).

[12] James C. Duff, Administrative Office of the United States Courts Director, *Workplace Conduct Memorandum*, available at Appendix 1, https://tinyurl.com/595dy953 (December 20, 2017) (explaining that Chief Justice Roberts asked the Director of the Administrative Office to establish a working group to examine the sufficiency of the safeguards currently in place within the Judiciary to protect all court employees from inappropriate conduct in the workplace).

[13] *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 238 (2020).

[14] *Id.*

mirrors the cases that have been found to unconstitutionally violate the separation of powers doctrine.

Courts have the power to interpret and apply the law to resolve disputes between adversaries. They do not create law, which is the responsibility of Congress, nor do they enforce it, which is the responsibility of the President.[15] "The founders of the nation considered an independent federal judiciary essential to ensure fairness and equal justice for all citizens of the United States."[16] Accordingly, the judicial branch is limited to deciding the constitutionality of federal laws and resolving other disputes over federal law.[17] Under the Constitution, federal courts only exercise "judicial" powers through the resolution of cases or controversies.[18] In light of this, Congress created "several executive branch agencies [to] assist the judiciary with its administrative operations."[19] Included in these agencies are the Judicial Conference and the Administrative Office of the U.S. Courts.

Notwithstanding the above contention, legal and prudential arguments show that the Conference is a federal agency subject to FOIA. The Conference is an independent regulatory agency with administrative duties over the judicial branch. The composition of its members, functions, and powers all indicate it is not a court of the United States, but a federal agency, and thus subject to FOIA.

### A. Defining "agency"

Pursuant to FOIA, codified at 5 U.S.C. § 552, each agency shall make its records available to the public, regardless of whether it can be reviewed by another agency or belongs to the executive branch. "Agency" is given its meaning in 5 U.S.C. § 551, defined as "each authority of government of the United States . . . [excluding] the courts of the United States." Relevant here, this includes any independent regulatory agencies.[20] As detailed below, because the Conference is a regulatory agency, it is within the scope of FOIA's record disclosure requirements.

#### 1. Independent regulatory agencies

FOIA's definition of an agency includes regulatory agencies, so the pertinent question for purposes here is how "independent regulatory agency" is defined. These definitions for FOIA arise from the definitions set forth by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. A *rule* is "the whole or a part of an agency statement of general or particular applicability and future effect designed to

---

[15] Administrative Office of the U.S. Courts, *Understanding the Federal Courts*, USCOURTS.GOV, https://tinyurl.com/mptft9na at 1–2 (last visited July 20, 2024).
[16] *Id.* at 1.
[17] *Id.* at 2.
[18] *Id.* at 6.
[19] *Id.* at 2.
[20] 5 U.S.C. § 552(f)(1).

implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency;"[21] *rulemaking* is the "agency process for formulating, amending, or repealing a rule" (both *rule and rulemaking, respectively,* constitute "regulation" or "regulatory" functions).[22] Unlike Article III institutions, which are intended to adjudicate, a regulatory agency formulates rules relating to its organization, procedures, or practice requirements.

As relevant here, the Conference is statutorily tasked with exercising regulatory duties. According to 28 U.S.C. § 331, members advise the Conference on the needs of their court and "as to any matters in respect of which the administration of justice in the courts of the United States may be improved." The statute further provides, "[t]he Conference shall make a comprehensive survey of the condition of business in the courts . . . and prepare plans for assignments of judges."[23] It is important to note that Congress is responsible for determining how many judges there will be and where they will work; however, Congress gave the Conference and the Administrative Office the power to manage the courts. In turn, the Director delegated his power to the individual courts to deal with their own administrative matters, while the agencies oversee and supervise them.[24] The statute also prescribes the duty to "submit suggestions and recommendations to the various courts to promote uniformity of management procedures and the expeditious conduct of court business."[25]

Another notable power of the Conference is to "prescribe and modify rules for the exercise of the authority provided in [28 U.S.C. §§ 351 *et seq.*]," which pertains to filing complaints against judges for prejudicial conduct.[26] All orders of the Conference, or its standing committees, are to be carried in effect by "[a]ll judicial officers and employees of the United States."[27] These rules are clearly regulatory in nature. Further, 28 U.S.C. § 331 explicitly provides that the "Judicial Conference shall review rules" prescribed under section 2071 of Title 28. In doing so, the Conference is engaging in an executive function—revision of administrative rules and regulations.

Finally, the Conference may convene "institutes and joint councils for the purpose of studying, discussing, and formulating the objectives, policies, standards, and criteria for sentencing those convicted of crimes and offenses in the courts of the United States."[28] The expenses of and attendance of judges to Conference meetings or events

---

[21] 5 U.S.C. § 551(4).
[22] 5 U.S.C. § 551(5).
[23] 28 U.S.C. § 331.
[24] Administrative Office of the U.S. Courts, *Understanding the Federal Courts*, USCOURTS.GOV, (available at 23, https://tinyurl.com/mptft9na) (last visited July 20, 2024).
[25] 28 U.S.C. § 331.
[26] *Id.*
[27] *Id.*
[28] 28 U.S.C. § 334(a).

are paid from the applicable appropriation for the United States Judiciary, but "expenses connected with the preparation of the plans and agenda for the conference . . . shall be paid from applicable appropriations of the Department of Justice."[29] Expenses paid by another branch's appropriation show the Conference is not part of the Judiciary.

### B.  Publishing in the Federal Register

According to 28 U.S.C. § 358, the Conference "may prescribe such rules for the conduct of proceedings . . . including the processing of petitions for review." However, the statute, echoing 5 U.S.C. § 553, plainly states, "Any rule prescribed under this section shall be made or amended only after giving appropriate public notice and an opportunity for comment."[30] Similarly, the Conference is required to "prescribe and publish the procedures for the consideration of proposed rules."[31] The Conference's committees review issues within their jurisdiction derived from the Conference itself and make policy recommendations to the Conference.[32] Before any proposed rule change is published or hearings concerning the proposed rule take place, it is required to be published in the Federal Register, the official journal that documents the rules made by agencies.[33] Notably, the Federal Register Act and the Administrative Procedure Act—the acts requiring agencies to provide public notice and the opportunity to participate in policymaking—establish and outline the rulemaking process by which Executive Branch agencies issue legally binding rules.[34] Relevant here, the Conference and its committees are bound by the notice and public comment requirements before prescribing rules. The publications for the proposed rules are made into the Federal Register, consequently establishing the Conference itself as an executive agency.

### C.  Creating committees

The Conference is granted the power to exercise its authority as the Conference, or through a standing committee.[35] Unlike the President who has broad powers to create committees through executive order to assist in the execution and administration of the law, the Judiciary has no such power. Article I section 8, clause 18, grants Congress the power to "make all Laws which shall be necessary and proper for carrying into Execution" all powers vested by the Constitution. Congress's creation of

---

[29] 28 U.S.C. § 334(d).
[30] 28 U.S.C. § 358(c).
[31] 28 U.S.C. § 2073.
[32] *See* United States Courts, *About the Judicial Conference*, USCOURTS.GOV, https://tinyurl.com/muxjjypy (last visited July 18, 2024).
[33] *Procedures for the Judicial Conference's Committee on Rules of Practice and Procedure and Its Advisory Rules Committees*, as codified in *Guide to Judiciary Policy*, Vol. 1, § 440.20.40.
[34] Raymond A. Mosley, Director of the Federal Register, *The Office of the Federal Register*, FEDERALREGISTER.GOV, available at https://tinyurl.com/3styt4va.
[35] 28 U.S.C. § 331.

the Judicial Conference and delegation of its power to establish committees highlights its primary purpose—implementation of the law—a power solely reserved to the executive branch. Because the Conference has the power to create committees to assist in the implementation of the law, it does not fall within the Judiciary.

Moreover, when the Conference establishes a standing committee, the Chief Justice appoints its members.[36] However, the President alone has the power to appoint officers of the United States.[37] Other powers of the Conference clearly belie any judicial function. The Conference's organic statute authorizes the "Conference or the standing committee [to] hold hearings, take sworn testimony, issue subpoenas and subpoenas duces tecum, and make necessary and appropriate orders in the exercise of its authority."[38] The assumption that committee members are inferior officers and thus may be appointed by Courts of Law or Heads of Departments cannot stand for two reasons. First, the Conference is not a court of law as laid out in Article III, and second, to argue the Chief Justice acts in his capacity as the Department Head when appointing members would concede that the Conference is, in fact, not within the Judiciary and thus not exempt from the scope of FOIA. The power to create committees and appoint officers unequivocally points to the Conference's exclusion from being a United States court.

### D.   Non-judicial duties

The Conference has numerous duties that plainly fall outside of Article III functions. First, the Conference is tasked with the duty of consulting with the Director of the United States Marshals Service regarding the security requirements for the judicial branch when "determining staffing levels, setting priorities for programs regarding judicial security, and allocating judicial security resources."[39] Secondly, the Chief Justice—acting in his capacity as Presiding Officer of the Conference—is required to submit to Congress "an annual report of the proceedings of the Judicial Conference and its recommendations for legislation."[40] Additionally, the Chief Justice may request reports from the Attorney General.[41] These functions are *ultra vires* of the Constitution's requirement, affirmed through both history and practice, that the federal judicial power is expressly limited to cases and controversies.[42] Here, the Conference is unquestionably given functions that relate to neither cases nor controversies—and such functions must reside with the other branches of the U.S. government. Moreover, Congress has the authority to direct agencies and

---

[36] *Id.*
[37] U.S. CONST. art. II, § 2, cl. 2.
[38] 28 U.S.C. § 331.
[39] *Id.*
[40] 28 U.S.C. § 331.
[41] *Id.*
[42] U.S. CONST. art. III, § 2.

7

administrative officers or employees to report to the legislature, but judges are independent of any congressional control save for impeachment. The fact that the Chief Justice of the Conference "shall" report to Congress is further indicative of its status as an administrative agency rather than an extension of the courts.

Additionally, the Conference carries on "a continuous study of the operation and effect of the general rules of practice and procedure" prescribed by the Supreme Court to lower courts.[43] Although the Supreme Court has the power to create rules governing the lower courts, it is not a power vested in the Conference. Any changes or additions the Conference deems desirable to promote "simplicity in procedure, fairness in administration, the just determination of litigation, and the elimination of unjustifiable expense and delay" "shall be recommended" to the Supreme Court for its consideration and adoption.[44] The Conference merely acts as an administrative establishment and clearly is not part of the Court; otherwise, the Conference need not make recommendations and could implement the rules itself.

Any claim that the Conference is not an independent executive agency is both underinclusive and overinclusive. Consider the Supreme Court's determination that Congress could validly delegate power to the Judiciary to promulgate sentencing guidelines through the United States Sentencing Commission.[45] Such delegation was upheld as constitutional on the grounds that the Article III judges who served on the Commission were subject to removal by the President.[46] In the case of the Judicial Conference, however, none of the Article III judges serving can be removed by the President signaling the overinclusive nature of the Conference under Supreme Court precedent mandating presidential oversight. Alternatively, consider how the Conference's position that it is not an agency is underinclusive. History reveals the first Chief Justice, John Jay, served simultaneously as Chief Justice and as Ambassador to England; Justice Oliver Ellsworth served simultaneously as Chief Justice and as Minister to France; and Chief Justice, John Marshall served briefly as Secretary of State and was a member of the Sinking Fund Commission.[47] The difference between these situations and the position of Chief Justice Roberts as the Conference head is that Ambassadors, Ministers, Secretaries, and Commissioners are all subject to FOIA.

### E.  Composition of the Conference

The Conference cannot be categorized as a "court of the United States" exempt from FOIA for an additional reason: judges serve lifetime appointments, but Conference

---

[43] 28 U.S.C. § 331.
[44] *Id.*
[45] Mistretta v. United States, 488 U.S. 383, 412 (1989).
[46] *Id.* at 384
[47] *Id.* at 398–99

officers do not. The Conference is composed of members who serve for terms no longer than five successive years.[48] The members may either be judges in regular active service or retired judges and are chosen by the district and circuit judges of the circuit they represent.[49] However, Article III judges have lifetime appointments and hold office during good behavior.[50] That the Conference is made up of retired judges and members for a limited time distinguishes it from being a court of law.

Moreover, "the courts of the United States" has been defined to mean "the Supreme Court of the United States, courts of appeals, district courts . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."[51] Similarly, Article III provides that judicial power shall be vested in Courts as Congress ordains.[52] As mentioned above, the Conference is not one of the aforementioned courts, nor has it been ordained one by Congress. Therefore, the Conference cannot possibly be included in FOIA's exemption for "courts of the United States."

Courts have established that "Once a unit is found to be an agency, [the] determination will not vary according to its specific function in each individual case."[53] In other words, once considered an agency, performing non-advisory functions will not make it a non-agency.[54] Additionally, the U.S. Supreme Court has previously stated that "executive or administrative duties of a nonjudicial nature may not be imposed on judges holding office under Article III of the Constitution."[55] The principle that Article III judges are independent from outer-branch interference is grounded in the Constitution and historical practices. Moreover, it is a hornbook matter of administrative law that only executive branch entities, not the courts, are subject to legislative oversight.[56] Notwithstanding these established principles, Congress asserts that it "created the Judicial Conference by statute, funds the Judicial Conference through appropriations, and enacted the ethics laws the Judicial Conference administers, and so has an obvious interest in overseeing these

---

[48] *Id.*
[49] *Id.*
[50] U.S. CONST. art. III, § 1.
[51] 28 U.S.C. § 451.
[52] U.S. CONST. art. III, § 1.
[53] *Ryan v. Department of Justice*, 617 F.2d 781, 788 (D.C. Cir. 1980).
[54] *Id.* at 789.
[55] *Morrison v. Olson*, 487 U.S. 654, 677–79 (1988) (citing *Buckley v. Valeo*, 424 U.S. 1 (1976)) (explaining "one purpose of the broad prohibition upon the courts' exercise of 'executive or administrative duties of a nonjudicial nature,' is to maintain the separation between the Judiciary and the other branches of the Federal Government by ensuring that judges do not encroach upon executive or legislative authority or undertake tasks that are more properly accomplished by those branches").
[56] Russell Wheeler, *Justice Thomas, gift reporting rules, and what a Supreme Court code of conduct would and wouldn't accomplish*, BROOKINGS (May 1, 2023), https://tinyurl.com/4dudrw4d.

matters."[57] The Conference's ministerial duty to respond to congressional oversight exemplifies its status as an administrative body rather than a court of law.[58] The Conference supervises the administrative side—not the adjudicative side—of the judicial branch.[59] Thus, the Conference is subject to FOIA.

### III. Requested Records

AFL respectfully requests, pursuant to 5 U.S.C. § 552, all records referring or relating to (1) Clarence Thomas or (2) Samuel Alito (including "Thomas" or "Alito"), and all communications with Senator Sheldon Whitehouse, Representative Hank Johnson, or any of their staff. The timeframe for these items is April 2023 through the date of processing.

### IV. Production

To accelerate the release of responsive records, AFL welcomes production on an agreed-upon rolling basis. If possible, please provide responsive records in electronic format by email. Alternatively, please provide responsive records in native format or PDF format on a USB drive. Please send any responsive records being transmitted by mail to America First Legal Foundation, 611 Pennsylvania Ave SE #231, Washington, DC 20003.

### V. Conclusion

If you have any questions about our request or believe further discussions regarding search and processing would facilitate the more efficient production of requested records, please contact me at FOIA@aflegal.org.

Thank you in advance for your cooperation.

>Sincerely yours,
>
>/s/ Daniel Z. Epstein
>Daniel Z. Epstein
>America First Legal Foundation

---

[57] *See* Letter from Sheldon Whitehouse, Chairman, Senate Judiciary Subcommittee on Federal Courts, Oversight, Agency Action, and Federal Rights, and Henry C. Johnson, Jr., Ranking Member, House Judiciary Subcommittee on Courts, Intellectual Property, and the Internet, to Robert Conrad, Director, Administrative Office of the United States Courts (June 17, 2024) (available at https://tinyurl.com/3ry2fhun).

[58] *See* Part II.D., *infra*; *accord* Letter from United States Senate, to Robin L. Rosenberg, Chair, Advisory Committee of Civil Rules, Judicial Conference (July 10, 2023) (available at https://tinyurl.com/u3udvc8b); *see also* Letter from United States Senate, to Bob Conrad, Secretary, Judicial Conference (March 29, 2024) (available at https://tinyurl.com/26yzzja4).

[59] Sheldon Whitehouse, The Scheme 28: The Judicial Conference, WHITEHOUSE.SENATE.GOV, https://tinyurl.com/wkzbrms9, (last visited July 13, 2024).