

WILLIAM S. MEYERS  
General Counsel

## ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

WASHINGTON, D.C. 20544

LAURINA M. SPOLIDORO  
Deputy General Counsel

ANDREW P. GRANT  
Financial Disclosure Committee Counsel

November 8, 2024

Mr. Daniel Z. Epstein  
America First Legal  
611 Pennsylvania Ave SE #231  
Washington, DC 20003

Dear Mr. Epstein:

    This is in response to your July 30, 2024, Freedom of Information Act request to Judge Robert J. Conrad, Jr., in his capacity as Secretary of the Judicial Conference of the United States Courts, and the Office of Financial Disclosure of the Administrative Office of the U.S. Courts (AO). Your letter seeks, pursuant to 5 U.S.C. § 552:

    a.    "all records referring or relating to (1) Clarence Thomas or (2) Samuel Alito (including 'Thomas' and 'Alito')...."; and  
    b.    "all communications with Senator Sheldon Whitehouse and Representative Hank Johnson, or any of their staff."

    For the reasons set forth below, we respectfully decline to conduct a review for or to produce any potentially responsive documents identified according to a, above. However, as a courtesy, we have enclosed certain of the documents identified according to subparagraph b. above.

    The Freedom of Information Act (FOIA) only applies to the executive branch; it does not apply to the judicial or legislative branches of the federal government, and we go into greater detail on that below. However, the AO is sometimes in a position to consider releasing particular documents on a discretionary basis. After consideration of your request, we are providing you with copies of some congressional correspondence that appears responsive to your inquiry.

### FOIA in the Judiciary

    FOIA does not apply to the judiciary. See 5 U.S.C. § 551(1)(b) ("'agency' means each authority of the Government of the United States, whether or not it is within or

Mr. Daniel Z. Epstein
Page 2

subject to review by another agency but does not include—(B) the courts of the United States"). FOIA further defines an "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency[.]" 5 U.S.C. § 552(f)(1). Federal courts have consistently upheld the limitation of FOIA to the executive branch. See Mayo v. GPO, 9 F.3d 1450, 1451 (9th Cir. 1993) (explaining that "[j]ust as [FOIA] in excluding 'the courts of the United States,' 5 U.S.C. § 551(1)(B), excludes not only the courts themselves but the entire judicial branch, so the entire legislative branch has been exempted from [FOIA]."

Furthermore, the comparison of the AO to an executive branch agency to distinguish it as separate from the judiciary is not supported by caselaw. See Banks v. Dep't of Just., 538 F. Supp. 2d 228, 232 (D.D.C. 2008) ("Likewise, the Administrative Office of the United States Courts is an arm of the federal courts and therefore is not subject to FOIA and the Privacy Act."); Martinez v. Admin. Off. of United States Cts., No. 22-50227, 2023 WL 2474218, at *2 (5th Cir. Mar. 13, 2023) ("Because the AOUSC is not required to respond to FOIA requests, Martinez cannot show that his right to the issuance of a writ of mandamus is 'clear and indisputable.' See Hollingsworth, 558 U.S. at 190. Therefore, the amended complaint fails to state a claim, even when liberally construed. See Butler v. Porter, 999 F.3d 287, 292 (5th Cir. 2021).").

Finally, even if FOIA applied to the judiciary or the AO, a cursory evaluation of the statutory FOIA Exemptions would appear to indicate that most or all of the documents you've requested would not be releasable. Given the breadth of your request, such documents would likely be shielded from release under several of the statutory FOIA Exemptions applicable to the executive branch. These might include Exemption 2 (information related solely to the internal personnel rules and practices of an agency), Exemption 5 (privileged communications within or between agencies, including deliberative process), and Exemption 6 (personal privacy of an individual).

In consideration of our efforts to enhance transparency and further the public interest, we are enclosing [17] items of correspondence with congressional committees, based on individualized determinations that each item is appropriate to provide.

Sincerely,

Andrew P. Grant
Financial Disclosure Committee Counsel

Enclosure