UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,

        Plaintiff,

  v.

JOHN G. ROBERTS, in his official capacity
as Presiding Officer of the Judicial Conference
of the United States, et al.,

        Defendants.

Civil Action No. 25-1232 (TNM)

**MOTION TO DISMISS AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

Background ........................................................................................................................... 1

    I.     Statutory Background ............................................................................................ 1

    II.    This Action............................................................................................................ 4

Legal Standards..................................................................................................................... 5

Argument .............................................................................................................................. 6

    I.     FOIA Does Not Apply to the Judicial Conference or the Administrative Office... 6

          A.    The Judicial Conference and the Administrative Office Are Not Executive Agencies or Independent Regulatory Agencies .......................................... 6

          B.    The Judicial Conference and the Administrative Office are Within FOIA's Express Exclusion of the Courts of the United States from Its Scope........ 8

          C.    In Creating the Judicial Conference and Administrative Office, Congress Transferred Administrative Operations of Lower Federal Courts from the Executive Branch to the Judicial Branch .................................................... 10

          D.    In Other, Similar Contexts, Courts Have Held that the Judicial Conference and the Administrative Office Are Within the Judicial Branch................ 12

    II.    Plaintiff's Remaining Arguments Lack Merit ..................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Adams* v. *Comm. on Judicial Conduct & Disability*,
    165 F. Supp. 3d 911, 918 (N.D. Calif. 2016) …………………………………………… 8

*Ahmed* v. *Kable*,
    Civ. A. No. 21-3333 (TJK), 2023 WL 6215024, at *9-10 (D.D.C. Sept. 25, 2023) ……12

*Am. Civil Liberties Union* v. *CIA*,
    823 F.3d 655, 667-68 (D.C. Cir. 2016) …………………………………………………… 5

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ………………………………………………………….. 6

*Banks* v. *Dep't of Just.*,
    538 F. Supp. 2d 228, 231-32 (D.D.C. 2008) …………………………………………… 9

*Banks* v. *Lappin*,
    539 F. Supp. 2d 228, 241 (D.D.C. 2008) ………………………………………………….. 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) ……………………………………………………………….. 6

*Chambers v. Div. of Prob., Admin. Off. of U.S. Courts*,
    Civ. A No. 87-0163, 1987 WL 10133, at *1 (D.D.C. Apr. 8, 1987) …………………... 13

*Chandler* v. *Jud. Council of the Tenth Cir. of the U.S.*,
    398 U.S. 74, 96, 102 (1970) …………………………………………………… 1, 8, 16

*Dietz* v. *Bouldin*,
    579 U.S. 40, 47 (2016) ……………………………………………………………… 16

*Hairston* v. *Admin. Off. of the U.S. Cts.*,
    No. 25-1139, 2025 U.S. Dist. LEXIS 86498 at *1 (D.D.C. Apr. 30, 2025) …………… 9

*In re Fidelity Mortg. Invs.*,
    690 F.2d 35, 39 (2d Cir. 1982) …………………………………………………… 12

*Isiwele* v. *United States HHS*,
    85 F. Supp. 3d 337, 353 (D.D.C. 2015) …………………………………………... 9

*Jefferson v. Bureau of Prisons*,
    657 F. Supp. 2d 43, 47 (D.D.C. 2009) …………………………………………… 13

*Martinez* v. *Admin. Off. of U.S. Courts*,
    Civ. A. No. 21-1200, 2022 U.S. Dist. LEXIS 239946 at *3 (W.D. Tex. Mar. 9, 2022)
    *aff'd* No. 22-50227, 2023 WL 2474218, at *1 (5th Cir. Mar. 13, 2023) ................ 9, 10

*McKissock & Hoffman, P.C.* v. *Waldron*,
    Civ. A. No. 10-7108, 2011 WL 3438333, at *3 (E.D. Pa. Aug. 5, 2011) ................... 13

*Microgenics Corp.* v. *United States*,
    152 Fed. Cl. 679, 681 (Fed. Cl. 2021) ...................................................... 15

*Mistretta* v. *United States*,
    488 U.S. 361, 388-90 (1989) ................................................................. 7, 8, 16

*Nat'l Veterans Legal Servs. Program* v. *United States*,
    968 F.3d 1340, 1343-44 (Fed. Cir. 2020) ..................................................... 7

*Novell, Inc.* v. *United States*,
    109 F. Supp. 2d 22, 25 (D.D.C. 2000) ...................................................... 13

*Sanai* v. *Kozinski*,
    Civ. A. No. 19-8162, 2021 WL 1339072 at *6 (N.D. Cal. Apr. 9, 2021) ............... 12

*Strickland* v. *United States*,
    32 F.4th 311, 369 (4th Cir. 2022) ........................................................... 12

*Thornton-Bey* v. *Admin. Off. of the U.S. Courts*,
    Civ. A. No. 09-0958, 2009 WL 1451571, at *1 (D.D.C. May 21, 2009) ................. 9

*U.S. Sec. Assocs., Inc.* v. *United States*,
    No. 15-1197C at 7-8 (Fed. Cl. Jan. 12, 2016) .............................................. 15

*Voinche* v. *Exec. Off. Of the President*,
    2007 U.S. Dist. LEXIS 42268 at *4 (D.D.C. June 12, 2007) .............................. 5

*Wash. Legal Found.* v. *U.S. Sentencing Comm'n*,
    17 F.3d 1446, 1449 (D.C. Cir. 1994) ......................................................... 7

*Wayne Seminoff Co.* v. *Mecham*,
    No. 02-2445, 2003 U.S. Dist. LEXIS 5829 at *18-19, 20 (E.D.N.Y. Apr. 10, 2003)
    *aff'd* 82 F. App'x 740 (2d Cir. 2003) ..................................................... 8, 9

*Wonders* v. *Dep't of the Army Off. Of the Gen. Couns.*,
    749 F.Supp.3d 122, 127-28 (D.D.C. 2024) ................................................. 5

## Statutes

5 U.S.C. § 104 …………………………………………………………….. 15

5 U.S.C. § 551(1) ………………………………………………………... 6

5 U.S.C. § 551(1)(B) ……………………………………………………… *passim*

5 U.S.C. § 552(f)(1) …………………………………………………….... 6, 7

5 U.S.C. § 701(b)(1)(B) …………………………………………………... 12

5 U.S.C. § 1101 …………………………………………………………... 15

5 U.S.C. § 2104(a), (a)(1)(B) …………………………………………….... 14

15 U.S.C. § 2053(a) ……………………………………………………… 15

28 U.S.C. § 331 …………………………………………………………… *passim*

28 U.S.C. § 451 … ……………………………………………………..15

28 U.S.C. § 601 ……………………………………………………….. 4, 9, 13, 14

28 U.S.C. § 602(a), (d) …………………………………………………….. 4

28 U.S.C. § 604(a) ………………………………………………………… 4, 7

28 U.S.C. § 1915A(a) …………………………………………………….. 10

39 U.S.C. § 201 …………………………………………………………... 15

42 U.S.C. § 901(a) ……………………………………………………….. 15

Act of Sept. 14, 1922,
    Pub. L. No. 67-298, § 2, 42 Stat. 837, 838 (1922) ………………………….. 2, 10, 11

Act of Aug. 7, 1939
    Pub. L. No. 76-299, 53 Stat. 1223, 1225-26 §§ 3-6  (Aug. 7, 1939) ……….. 3, 11, 15

Act of Mar. 3, 1849,
    ch. 98, § 4, 9 Stat. 395 (1849) ……………………………………………… 3

Act of June 22, 1870,
    ch. 150, § 15, 16 Stat. 162 (1870)  ………………………………………… 3

Administrative Procedure Act,
    5 U.S.C. §§ 551-559 …………………………………………………………. 12, 13

Freedom of Information Act
    5 U.S.C. § 552 …………………………………………………………….... *passim*

Privacy Act of 1974,
    5 U.S.C. § 552a………………………………………………………………… 9, 13

Title 5, U.S. Code …………………………………………………………… 13, 14, 15

## Other Authorities

Address of Chief Justice Charles Evan Hughes, 26 A.B.A. J. 471, 472-73 (June 1940) ….. 11

Department of Justice, Guide to the Freedom of Information Act ………………………... 10

Fed. R. Civ. P. 4 …………………………………………………………………… 4

Fed. R. Civ. P. 12(b)(1) …………………………………………………………… 1, 5

Fed R. Civ. P. 12(b)(6) ………………………………………………………….. 1, 6

Henry P. Chandler, Some Major Advances in the Fed. Jud. Sys. 1922 – 1947
    31 F.R.D. 307, 326 (1962) …………………………………………………………. 2

James T. O'Reilly, Fed. Info. Disclosure § 4.13 at 109, 112 (Winter 2023) …………….... 10

Peter G. Fish, The Politics of Federal Judicial Administration
    31-33, 131, & n.152 (1973) …………………………………………………….. 2, 3, 11

Statement of Senator Shields, 62 Cong. Rec. 4857
    (67th Cong., 2d Sess., Mar. 31, 1922) ………………………..…………….... 2, 10, 11

U.S. Const., Art. III, § 1 ………………………………………………………… 14

Will Shafroth, New Machinery for Effective Administration of Federal Courts,
    25 A.B.A. J. 738. 738 (September 1939) ………………………………………….. 11

Defendants Chief Justice John G. Roberts, Jr., in his official capacity as the Presiding Officer of the Judicial Conference of the United States ("Judicial Conference"), and Judge Robert J. Conrad, in his official capacity as the Director of the Administrative Office of the United States Courts ("Administrative Office") (collectively "Defendants") move to dismiss Plaintiff's Amended Complaint ("Am. Compl.," ECF No. 2) pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

In this action, Plaintiff seeks a declaration that the Judicial Conference and Administrative Office are executive branch agencies subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, an order requiring Defendants to conduct FOIA-compliant searches, demonstrate that they employed reasonable search methods, and produce non-exempt responsive records in accordance with the statute. The Complaint fails to state a claim under Rule 12(b)(6) because it is well established that neither the Judicial Conference nor the Administrative Office are subject to FOIA. *See* 5 U.S.C. § 551(1)(B) (noting that the term "agency" as used within the statute does not include "the courts of the United States"). Because Plaintiff has not pled any facts that support its requested relief, the Amended Complaint should be dismissed with prejudice.

## BACKGROUND

### I.    <u>Statutory Background</u>

The Judicial Conference is the national policymaking body for the federal courts over which the Chief Justice presides. *See* 28 U.S.C. § 331. The Judicial Conference consists of the Chief Justice, the chief judge of each federal judicial circuit, the chief judge of the Court of International Trade, and a district court judge from each federal judicial circuit. *Id.*

As is relevant here, the Judicial Conference has authority to: survey "business in the courts of the United States;" "prepare plans for assignment of judges to or from circuits or districts where

necessary;" make recommendations "to promote uniformity of management procedures and the expeditious conduct of court business;" study the operation and effect of federal court rules and to recommend changes to such rules; submit to Congress an annual report of its proceedings and its recommendations for legislation; and consult with the United States Marshals Service on "the security requirements for the judicial branch of the United States Government." *Id.* An early version of the bill that created the Judicial Conference (originally known as the Conference of Senior Circuit Judges) provided that the Attorney General would be a member of the conference.[1] The enacted law, however, provided that only judges were members of the conference, and that the Attorney General would report to the conference, at the request of the Chief Justice—the same language that appears in the statute today. "The modified provision . . . avoided any interference with the judiciary of a representative of the executive branch of the government." Henry P. Chandler, Some Major Advances in the Fed. Jud. Sys. 1922 – 1947, 31 F.R.D. 307, 326 (1962).[2]

Until the creation of the Administrative Office in 1939, the lower federal courts had been partially administered by the Executive Branch of the United States government—first by the Department of the Treasury, then by the Department of Interior, and then by the Department of

---

[1]    *See* Peter G. Fish, The Politics of Federal Judicial Administration 31-33 & n.152 (1973); 62 Cong. Rec. 4857 (67th Cong., 2d Sess., Mar. 31, 1922) (Stmt. of Sen. Shields) (stating that an earlier version of the bill, introduced in 1921, provided that "[i]t shall be the duty of the Attorney General to report to such conferences at the first and at each annual meeting thereafter all matters which he deems meet for its consideration, and to advise it upon the state of business in the United States courts, and to take part therein as a member of the conference.").

[2]    *See* Act of Sept. 14, 1922, Pub. L. No. 67-298, § 2, 42 Stat. 837, 838 (1922) ("The Attorney General shall, upon request of the Chief Justice, report to said conference on matters relating to the business of the several courts of the United States, with particular reference to causes or proceedings in which the United States may be a party."); 28 U.S.C. § 331 ("The Attorney General shall, upon request of the Chief Justice, report to such Conference on matters relating to the business of the several courts of the United States, with particular reference to cases to which the United States may be a party.")

Justice.[3]  In 1939, however, Congress transferred administrative support for the lower federal courts from the Department of Justice to the newly created Administrative Office, under the supervision of the Supreme Court of the United States and the Judicial Conference.  *See* Pub. L. No. 76-299, 53 Stat. 1223 (Aug. 7, 1939).  The 1939 Act transferred employees, financial records, appropriations, and financial and administrative duties of the Department of Justice, as they related to the federal courts, to the Administrative Office.  *See id.*; *Chandler* v. *Jud. Council of the Tenth Cir. of the U.S.*, 398 U.S. 74, 96 (1970) (Harlan, J., concurring) ("The major purposes of the [1939] Act were to free the federal courts from their previous reliance on the Justice Department in budgetary matters, and 'to furnish to the federal courts the administrative machinery for self-improvement, through which those courts will be able to scrutinize their own work and develop efficiency and promptness in their administration of justice.'" (quoting House Report)).[4]

---

[3]    *See* Act of Mar. 3, 1849, ch. 108, § 4, 9 Stat. 395 (1849) (providing that fiscal oversight of the federal judiciary was exercised by the Department of the Treasury until 1849 and was then transferred to the Department of the Interior); Act of June 22, 1870, ch. 150, § 15, 16 Stat. 162 (1870) (transferring fiscal oversight of the federal judiciary from the Department of Interior to the newly created Department of Justice); Fish, *supra*, at 91 (stating that before 1939, "the marshals and their deputies were administrative officers for the courts even though under the Attorney General's control.  They executed processes and judgments, provided courtrooms, found chambers for the judges, secured utilities and supplies, and disbursed funds allocated to the courts.").

[4]    *See also* Pub. L. No. 76-299, 53 Stat. 1223, 1225 § 3 (Aug. 7, 1939) ("Those employees of the Department of Justice engaged in the audit of accounts and vouchers referred to in section 304 of the Judicial Code shall, as far as practicable, be transferred to the Administrative Office of the United States Courts.  In such event, the appropriations available for the current fiscal year, from which such employees are paid, shall be apportioned between the Department of Justice and the Administrative Office of the United States Courts, on the basis of duties transferred to the latter office.  All records, documents, and papers relating to the audit of accounts referred to in section 304 of the Judicial Code shall be transferred from the Department of Justice to the Administrative Office of the United States Courts."); 53 Stat. 1225-26, § 4 ("All unexpended appropriations for the support, maintenance, and operation of the courts specified in section 306 of the Judicial Code for the current fiscal year, and all unexpended appropriations covering judicial personnel as specified in section 304(1) of the Judicial Code, including appropriations for the salaries of justices and judges who have retired or who have resigned under the provisions of section 260 of the Judicial Code (U.S.C., title 28, sec. 375), are hereby transferred to the control of the Administrative Office of the United States Courts."); 53 Stat. 1226, § 5 ("All powers and duties now conferred or

Today, the Administrative Office is supervised by a Director and Deputy Director appointed by and subject to removal by the Chief Justice after consulting with the Judicial Conference. *See* 28 U.S.C. § 601. The Administrative Office Director is "the administrative officer of the courts," "under the supervision and direction of the Judicial Conference." 28 U.S.C. § 604(a). The Director's duties include "supervis[ing] all administrative matters relating to the offices of clerks and other clerical and administrative personnel of the courts," fixing the compensation of judicial employees, disbursing appropriated funds "for the maintenance and operation of the courts," purchasing property "for the judicial branch of Government (except the Supreme Court)," and accepting gifts of personal property "for the purpose of aiding or facilitating the work of the judicial branch of Government." *Id.* The Administrative Office Director appoints Administrative Office employees and fixes their compensation. *See* 28 U.S.C. § 602(a). The Director may delegate his duties to "officers and employees of the judicial branch of Government." 28 U.S.C. § 602(d).

## II.    <u>This Action</u>

Plaintiff filed this action on April 22, 2025.[5] *See* ECF No. 1. That same day, Plaintiff filed an Amended Complaint. ECF No. 2. In the Amended Complaint, Plaintiff asserts that Defendants

---

imposed by law upon the Department of Justice or the Attorney General, relating to the administrative audit of the accounts and vouchers referred to in section 304 of the Judicial Code, are hereby transferred to and vested in the Administrative Office of the United States Courts."); 53 Stat. 1226, § 6 ("All administrative powers and duties now conferred or imposed by law upon the Department of Justice or the Attorney General, respecting clerks of courts, deputy clerks of courts and clerical assistants, law clerks, secretaries, and stenographers to the judges, and librarians in charge of libraries of the courts, and such other employees of the courts not excluded by section 304 of chapter XV as hereinbefore set forth, are hereby vested in the Administrative Office of the United States Courts.").

[5]    Plaintiff did not serve the U.S. Attorney's Office pursuant to Rule 4 until June 24, 2025, following an order from the Court on June 20, 2025, regarding Plaintiff's then-failure to file proof of service upon the United States. *See* June 20, 2025, Min. Order.

violated FOIA by declining to provide records purportedly in their control in response to Plaintiff's requests. *See* Am. Compl. ¶ 54. As relief in this action, Plaintiff seeks: (1) a declaration that the records it seeks must be disclosed; (2) a declaration that "Defendants are subject to the FOIA as independent agencies within the executive branch;" (3) an order that Defendants search for records responsive to Plaintiff's FOIA requests; (4) an order that Defendants produce records by a certain date; and (5) an award of attorney's fees and costs, as well as other relief. *Id.* at 13-14. Because this Court lacks subject matter jurisdiction and because the Amended Complaint fails to state a claim upon which relief can be granted, Defendants move to dismiss this action with prejudice.

## LEGAL STANDARDS

Rule 12(b)(1) provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts possess only that power authorized by the Constitution and statute. So Rule 12(b)(1) gives defendants the ability to make a threshold challenge to a court's jurisdiction. And when a defendant brings such a challenge, the plaintiff bears the burden of establishing that the court has jurisdiction." *Wonders* v. *Dep't of the Army Off. Of the Gen. Couns.*, 749 F.Supp.3d 122, 127-28 (D.D.C. 2024) (citations and internal quotations omitted). In order to establish federal subject matter jurisdiction in a FOIA case, a plaintiff must show that an agency has improperly withheld agency records. *See Am. Civil Liberties Union* v. *CIA*, 823 F.3d 655, 667-68 (D.C. Cir. 2016) (affirming dismissal of FOIA case for lack of subject matter jurisdiction because congressional records were not "agency records"); *Banks* v. *Lappin*, 539 F. Supp. 2d 228, 241 (D.D.C. 2008) (dismissing for lack of subject matter jurisdiction FOIA claims against the President, Vice President, House, and Senate because the Office of the President, House and Senate were not agencies under FOIA); *Voinche* v. *Exec. Off. Of the President*, 2007 U.S. Dist. LEXIS 42268 at *4 (D.D.C. June 12, 2007) (court lacked subject matter jurisdiction because the Executive Office of the President is not an agency under FOIA).

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the Court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth."  *Id.* at 679.

## ARGUMENT

## I.    FOIA Does Not Apply to the Judicial Conference or the Administrative Office

At bottom, neither the Judicial Conference nor the Administrative Office are "agencies" subject to FOIA, warranting dismissal of Plaintiff's Amended Complaint in its entirety.

### A.    The Judicial Conference and the Administrative Office Are Not Executive Agencies or Independent Regulatory Agencies

FOIA directs "agencies" to provide certain records in response to public requests.  *See* 5 U.S.C. § 552(a).  The statute provides that "'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1).  Section 551(1) states that "agency" means "each authority of the Government of the

United States . . . but does not include . . . the courts of the United States." 5 U.S.C. § 551(1)(B). The phrase "courts of the United States" is interpreted such that this exemption applies to the entire judicial branch of government. *See Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994).

The Judicial Conference and the Administrative Office are not encompassed within the terms "executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). The Judicial Conference and Administrative Office are therefore not "agencies" under FOIA even without regard to the express exclusion in the statute for "the courts of the United States."

The Supreme Court has recognized that the Judicial Conference and Administrative Office exist within the judicial branch because they facilitate the central mission of the federal judiciary. The Judicial Conference consists of the Chief Justice and other federal judges and serves as the national policymaking body for the federal courts. *See Nat'l Veterans Legal Servs. Program* v. *United States*, 968 F.3d 1340, 1343-44 (Fed. Cir. 2020); 28 U.S.C. § 331. The Administrative Office provides services for the federal courts through its Director, who is "the administrative officer of the courts," "under the supervision and direction of the Judicial Conference." *See* 28 U.S.C. § 604(a). The Supreme Court has explained:

> [W]e have recognized Congress's power to create the Judicial Conference of the United States, the Rules Advisory Committees that it oversees, and the Administrative Office of the United States Courts. . . . These entities, some of which are comprised of judges, others of judges and nonjudges, still others of nonjudges only, do not exercise judicial power in the constitutional sense of deciding cases and controversies, but they share the common purpose of providing for the fair and efficient fulfillment of responsibilities that are properly the province of the Judiciary. Thus, although the judicial power of the United States is limited

> by express provision of Article III to Cases and Controversies, we have never held, and have clearly disavowed in practice, that the Constitution prohibits Congress from assigning to courts or auxiliary bodies within the Judicial Branch administrative or rulemaking duties that . . . are necessary and proper . . . for carrying into execution all the judgments which the judicial department has power to pronounce.  Because of their close relation to the central mission of the Judicial Branch, such extrajudicial activities are consonant with the integrity of the Branch and are not more appropriate for another Branch.

*Mistretta* v. *United States*, 488 U.S. 361, 388-90 (1989) (citation modified); *Chandler*, 398 U.S. at 102 (the Administrative Office is "an arm of the judicial branch of government and under the direct control of the Supreme Court and the Judicial Conference of the United States.").  Plaintiff is simply incorrect to assert that the Judicial Conference and the Administrative Office are "independent establishments" and therefore "agencies" because they have duties "independent from the judiciary's role in resolving cases or controversies."  Am. Compl. ¶¶ 8, 32, 42.  Critically, the Supreme Court has squarely rejected this argument.  *See Mistretta*, 488 U.S. at 388-90.

**B.    The Judicial Conference and the Administrative Office are Within FOIA's Express Exclusion of the Courts of the United States from Its Scope**

As explained above, the Judicial Conference and the Administrative Office, as entities within the judicial branch, fall within FOIA's exclusion of "the courts of the United States" from the scope of the statute and therefore this court lacks jurisdiction over plaintiff's claims.  For example, in *Adams* v. *Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911 (N.D. Calif. 2016), the plaintiff sought records under FOIA from the Judicial Conference's Committee on Conduct and Disability.  The court dismissed the plaintiff's suit seeking such records for lack of subject matter jurisdiction because FOIA "exempts the judicial branch . . . from its scope."  *Id.* at 918 (citing 5 U.S.C. § 551(1)(B)).  *See also Wayne Seminoff Co.* v. *Mecham*, No. 02-2445, 2003 U.S. Dist. LEXIS 5829 at *20 (E.D.N.Y. Apr. 10, 2003) (dismissing FOIA case for lack of subject

matter jurisdiction because "the Administrative Office of the United States Courts is not an agency for purposes of FOIA."), *aff'd*, 82 F. App'x 740 (2d Cir. 2003).[6]

The court should dismiss this case for failure to state a claim for similar reasons.  In *Banks* v. *Dep't of Just.*, 538 F. Supp. 2d 228, 231 (D.D.C. 2008), plaintiff sought records from the Administrative Office under FOIA.  The court dismissed the plaintiff's claims because the exclusion of the "courts of the United States" "applies to the entire judicial branch of government. . . .  [T]he Administrative Office of United States Courts is an arm of the federal courts and therefore is not subject to FOIA and the Privacy Act.  It matters not, as plaintiff argues, that the Administrative Office of the United States Courts 'is not a court itself.'"  *Id.* at 231-32; *Hairston* v. *Admin. Off. of the U.S. Cts.*, No. 25-1139, 2025 U.S. Dist. LEXIS 86498 at *1 (D.D.C. Apr. 30, 2025) (dismissing FOIA claim against the Administrative Office because the Administrative Office "is not subject to FOIA requests"); *Thornton-Bey* v. *Admin. Off. of the U.S. Courts*, Civ. A. No. 09-0958, 2009 WL 1451571, at *1 (D.D.C. May 21, 2009) (dismissing FOIA claim against the Administrative Office for failure to state a claim because "FOIA applies only to executive-branch agencies of the United States.  The [Administrative Office] is part of the judicial branch of the federal government.  *See* 28 U.S.C. § 601 ('Director and a Deputy Director [are] appointed and subject to removal by the Chief Justice of the United States, after consulting with the Judicial Conference.')"); *Martinez* v. *Admin. Off. of U.S. Courts*, Civ. A. No. 21-1200, 2022 U.S. Dist.

---

[6]    *See also Isiwele* v. *United States HHS*, 85 F. Supp. 3d 337, 353 (D.D.C. 2015) (dismissing FOIA suit against the Administrative Office because FOIA excludes from its coverage "the courts of the United States" and that "exemption applies to the entire judicial branch of the government, including" the Administrative Office).  While the court in *Isiwele* did not specify the ground for dismissal, the government had argued that the court lacked subject matter jurisdiction over FOIA claims against the Administrative Office.  *See* Defs' Partial Mot. to Dismiss or, in the Alternative for Summ. J. & Partial Mot. to Stay, *Isiwele* v. *United States HHS*, No. 12-1447 at 37 (D.D.C. Feb. 19, 2014) (Dkt. No. 39) ("the court lacks subject-matter jurisdiction over Plaintiff's FOIA claim against the AOC and it must be dismissed.").

LEXIS 239946 at *3 (W.D. Tex. Mar. 9, 2022) (dismissing with prejudice under 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief could be granted, where plaintiff submitted FOIA request to the Administrative Office because "the [Administrative Office] is not a department of the executive branch or independent regulatory agency; therefore, it is not subject to the FOIA."); *aff'd* No. 22-50227, 2023 WL 2474218, at *1 (5th Cir. Mar. 13, 2023) ("the [Administrative Office] is not required to respond to FOIA requests.").

The United States is unaware of any authority concluding that the Judicial Conference or the Administrative Office are subject to FOIA.  *See* Dep't of Justice Guide to the Freedom of Information Act at 8 ("Courts have . . . held that [FOIA] does not apply to . . . the courts [and] other entities in the Judicial Branch" (citation modified)); James T. O'Reilly, Fed. Info. Disclosure § 4.13 at 109 (Winter 2023) ("The judicial branch categorical exceptions from agency status include the administrative and personnel functions of the courts [and] the Judicial Conference."); *id.* § 4.13 at 112 ("Neither the United States Probation Office nor the Administrative Office of the United States Courts are 'agencies' for purposes of the FOIA.").

### C.    In Creating the Judicial Conference and Administrative Office, Congress Transferred Administrative Operations of Lower Federal Courts from the Executive Branch to the Judicial Branch

The statutory history of the Judicial Conference and the Administrative Office confirm that these entities are located within the judicial branch.  As noted, the executive branch originally supported certain administrative operations of the lower federal courts.  *See supra* at 2-3.  The original proposal to create the Judicial Conference provided that the Attorney General would be a member of the Judicial Conference, but that provision was removed, according to one Senator, on the ground that the Attorney General's membership would permit "the interference of the executive department in the affairs of the judiciary."  62 Cong. Rec. 4860 (67th Cong., 2d Sess.,

Mar. 31, 1922) (Stmt. of Sen. Shields); Act of Sept. 14, 1922, Pub. L. No. 67-298, § 2, 42 Stat. 837, 838 (1922) (providing that the Attorney General would report to the Judicial Conference).

Congress transferred certain administrative operations of the lower federal judiciary from the executive branch to the judicial branch when it created the Administrative Office.  The act: transferred employees, audit records, and auditing duties from the Justice Department to the Administrative Office; apportioned existing appropriations between the Department and the Administrative Office; and transferred all powers and duties with respect to lower federal court personnel from the Department to the Administrative Office.  *See* Pub. L. No. 76-299, 53 Stat. 1223, 1225-26, §§ 3–6 (Aug. 7, 1939). Chief Justice Hughes explained that the Administrative Office "is not an executive establishment.  It does not place judicial administration under executive control.  The office is under the direct supervision of the federal courts."  Charles Evans Hughes, Address of C.J. Hughes, 26 A.B.A. J. 471, 472 (June 1940).  One of its purposes, he stated, was "to deal with the business affairs of the federal courts, previously handled by the Department of Justice."  He noted that "[t]he courts are now equipped to manage their own affairs."  *Id* at 472-73.[7]

---

[7]     *See also* Will Shafroth, New Machinery for Effective Administration of Federal Courts, 25 A.B.A. J. 738. 738 (September 1939) (explaining that an effect of the 1939 Act was "to put the business management of the courts under the judiciary instead of under the executive branch of the government, as it is at the present time.  The Director of the administrative office will take the place of the Attorney General as fiscal administrator, as budget officer and as gatherer of statistics for the Federal courts under the supervision and direction of the Conference of Senior Circuit Judges."); *id.* ("By the bill these affairs are turned over to the judicial department and another staunch prop and support is given to the independence of the judiciary."); Fish, *supra* at 131 (quoting Judicial Conference report stating that "the three departments should be kept carefully apart. . . .  [T]he moving force in the creation of the Administrative Office was to take from the Department of Justice its former limited control over inferior [court] personnel and supplies of the judiciary.").

In creating the Judicial Conference and the Administrative Office, Congress transferred administrative support for the lower federal courts from the executive branch to the judicial branch to promote judicial independence. Plaintiff's contention—that the Judicial Conference and the Administrative Office are executive branch agencies—is antithetical to Congress's legislative purpose in creating those entities in the first place and should therefore be rejected.

### D. In Other, Similar Contexts, Courts Have Held that the Judicial Conference and the Administrative Office Are Within the Judicial Branch

Courts have held that the Judicial Conference and the Administrative Office are within the judicial branch of the federal government in other, similar contexts. For example, courts have routinely dismissed claims against the Judicial Conference and the Administrative Office under the Administrative Procedure Act ("APA"), which applies to "agencies" and contains the same definition of "agency" as in FOIA, on the ground that the Judicial Conference and Administrative Office are in the judicial branch. For example, in *Ahmed* v. *Kable*, Civ. A. No. 21-3333 (TJK), 2023 WL 6215024, at *9-10 (D.D.C. Sept. 25, 2023), this Court dismissed an APA claim against the Administrative Office because "[t]he term 'agency' as defined by the APA does not include 'the courts of the United States. 5 U.S.C. § 701(b)(1)(B). And the Administrative Office 'sits within the judicial branch.'" Similarly, in *Sanai* v. *Kozinski*, Civ. A. No. 19-8162, 2021 WL 1339072 at *6 (N.D. Cal. Apr. 9, 2021), the court held that the APA does not apply to the Judicial Council for the Ninth Circuit because "the APA expressly excludes 'the courts of the United States' from the definition of an 'agency.' 5 U.S.C. § 551(1)(B)." *See also Strickland* v. *United States*, 32 F.4th 311, 369 (4th Cir. 2022) (APA did not waive sovereign immunity as to the Judicial Conference and Administrative Office); *In re Fidelity Mortg. Invs.*, 690 F.2d 35, 39 (2d Cir. 1982) (concluding that bankruptcy fee schedule was not subject to the APA, concluding that "when, as here, the Judicial Conference is acting in effect as an auxiliary of the courts, it falls within the

definition of 'court' as that term is used in the Administrative Procedure Act"); *McKissock & Hoffman, P.C.* v. *Waldron*, Civ. A. No. 10-7108, 2011 WL 3438333, at *3 (E.D. Pa. Aug. 5, 2011) ("The Judicial Conference is a policy-making body composed of federal judges and it acts as an auxiliary of the courts.  It is not an agency."); *Novell, Inc.* v. *United States*, 109 F. Supp. 2d 22, 25 (D.D.C. 2000) (dismissing APA complaint against the Administrative Office for lack of subject matter jurisdiction because "the 'courts' are excluded from the terms of the APA, and this exclusion extends to the judicial branch generally"). This Court has also dismissed Privacy Act claims against the Administrative Office on the ground that the Administrative Office is "part of the judicial branch of government." *Jefferson v. Bureau of Prisons*, 657 F. Supp. 2d 43, 47 (D.D.C. 2009); *Chambers v. Div. of Prob., Admin. Off. of U.S. Courts,* Civ. A No. 87-0163, 1987 WL 10133, at *1 (D.D.C. Apr. 8, 1987).

### E. The Administrative Office Director's Status as an "Officer" for Employee Benefits Purposes Under Title 5, U.S. Code, Does Not Make the Administrative Office an Executive Agency

The Administrative Office Director's status as an "officer" for employee benefits issues under title 5, U.S. Code, does not render the Administrative Office an executive branch agency. Plaintiff asserts that the Administrative Office's Director is an executive branch "officer" because 28 U.S.C. § 601 states that the Director is an "officer[] for purposes of title 5, United States Code." Am. Compl. ¶ 44.  This argument misses the mark for multiple reasons.  First, FOIA applies to "agencies," not "officers," so even if the Court accepted the premise that the Administrative Office Director is an "officer" for purposes of title 5, U.S. Code, (he is not), that does not mean that FOIA applies to the Administrative Office.  Second, Title 5 defines "officer" to include "a justice or judge of the United States" and an individual who is:

(1)    required by law to be appointed in the civil service by one of the following acting in an official capacity –

>      (A)     the President;
>      (B)     a court of the United States;
>      (C)     the head of an Executive Agency; or
>      (D)     the Secretary of a military department;
>
> (2)     engaged in the performance of a Federal function under authority of law or an Executive act; and
>
> (3)     subject to the supervision of an authority named by paragraph (1) of this section, or the Judicial Conference of the United States, while engaged in the performance of the duties of his office.

5 U.S.C. § 2104(a). Providing that an individual is an "officer" plainly does not mean that he or she works for an executive branch agency because federal judges—who work in the judicial branch, *see* U.S. Const., Art. III, § 1—are included in the term "officer." An "officer" may also be appointed by "a court of the United States." 5 U.S.C. § 2104(a)(1)(B). In addition, in *Wayne Seminoff Co.* v. *Mecham*, Civ. A. No. 02-2445, 2003 U.S. Dist. LEXIS 5829, *18-19 (E.D.N.Y. Apr. 10, 2003), *aff'd* 82 F. App'x 740 (2d Cir. 2003), the plaintiff argued, just as Plaintiff argues here, that the Administrative Office is subject to FOIA because 28 U.S.C. § 601 states that the Director is an "officer" under Chapter 5 of the U.S. Code. The district court rejected the argument as "entirely without merit" because "FOIA applies only to 'agencies,'" not "officers," and that "the statutory purpose in stating that the Director of the Administrative Office is an 'officer' for purposes of Title 5, relates solely to employment benefits issues. It does not, in any way, make the Director of the [Administrative Office] subject to the provisions of FOIA." *Id.* at *19-20. The Second Circuit upheld the dismissal on appeal. *Id.*, 82 F. App'x 740.

In sum, Plaintiff fails to plausibly allege that the Judicial Conference or the Administrative Office are subject to FOIA. Accordingly, the Court should dismiss the Amended Complaint.

## II.    **Plaintiff's Remaining Arguments Lack Merit**

Plaintiff's remaining arguments are meritless. The Judicial Conference and the Administrative Office are not "independent establishments," "independent executive agencies" or

"independent regulatory agencies."  *Cf.* Am. Compl. ¶¶ 28, 31, 32.  Telling is that neither the Judicial Conference nor the Administrative Office is described in these terms in their respective organic statutes.  *See* 28 U.S.C. § 331 (describing the Judicial Conference as a "conference"); Pub. L. No. 76-299, 53 Stat. 1223 (Aug. 7, 1939) ("There shall be at the seat of government an establishment to be known as the Administrative Office of the United States Courts").  Other federal government entities, by contrast, are described in their organic statutes as "independent establishments," "independent agencies," or "independent regulatory commissions."  *See, e.g.*, 42 U.S.C. § 901(a) ("There is hereby established, as an independent agency in the executive branch of the Government, a Social Security Administration."); 39 U.S.C. § 201 ("There is established, as an independent establishment of the executive branch of the Government of the United States, the United States Postal Service."); 5 U.S.C. § 1101 ("The Office of Personnel Management is an independent establishment in the executive branch."); 15 U.S.C. § 2053(a) ("An independent regulatory commission is hereby established, to be known as the Consumer Product Safety Commission.").  Title 5 of the U.S. Code defines "independent establishment" to mean:  "(1) an establishment in the executive branch (other than the United States Postal Service or the Postal Regulatory Commission) which is not an Executive department, military department, Government corporation, or part thereof, or part of an independent establishment; and (2) the [Government] Accountability Office."  5 U.S.C. § 104.  The Court of Federal Claims has concluded that the Administrative Office is not an "agency" under 28 U.S.C. § 451 because it is not an "independent establishment."  *Microgenics Corp.* v. *United States*, 152 Fed. Cl. 679, 681 (Fed. Cl. 2021); *U.S. Sec. Assocs., Inc.* v. *United States*, No. 15-1197C at 7-8 (Fed. Cl. Jan. 12, 2016).  As the Supreme Court has explained, the Judicial Conference and the Administrative Office are entities within the

judicial branch.  *See Mistretta*, 488 U.S. at 388-90; *Chandler*, 398 U.S. at 96 (Harlan, J., concurring).

Merely because the Judicial Conference submits "suggestions and recommendations . . . to promote uniformity of management procedures and the expeditious conduct of court business," and rules concerning complaints against judges does not make the Judicial Conference an executive branch agency.  *See* 28 U.S.C. § 331; *cf.* Am. Compl. ¶ 31 ("The Judicial Conference's authority to promulgate and amend regulations makes it an independent regulatory agency, subjecting it to FOIA.").  Courts have power to manage their affairs to achieve the orderly and expeditious disposition of cases.  *See Dietz* v. *Bouldin*, 579 U.S. 40, 47 (2016).  Reporting to Congress and responding to inquiries by Members of Congress does not make an entity part of the executive branch.  *Cf.* Am. Compl. ¶ 30 ("The Conference's ministerial duty to respond to congressional oversight exemplifies its status as an administrative body rather than a court of law."); *id.* ¶¶ 38, 43.  Moreover, just because the Administrative Office Director provides administrative services to the federal courts does not make the Administrative Office an executive branch agency.  *See Mistretta*, 488 U.S. at 388 ("we specifically have upheld . . . Congress's power . . . to vest in judicial councils authority to make all necessary orders for the effective and expeditious administration of the business of the courts.") (citing *Chandler*, 398 U.S. at 86 n.7); *Cf.* Am. Compl. ¶ 45 (the Administrative Office "is an independent agency within the executive because it engages in executive functions.").  As noted, many administrative support duties were transferred from the executive branch to the judicial branch when Congress created the Administrative Office, and the Supreme Court has recognized that such duties are appropriately performed by judicial branch entities.  *See Mistretta*, 488 U.S. at 390.

*    *    *

- 16 -

**CONCLUSION**

For these reasons, the Amended Complaint should be dismissed with prejudice.

Dated: July 24, 2025                          Respectfully submitted,

                                              ETHAN V. TORREY


                                              By: */s/ Ethan V. Torrey*
                                                  ETHAN V. TORREY
                                                  Legal Counsel
                                                  Supreme Court of the United States
                                                  One First Street, N.E.
                                                  Washington, D.C. 20543

                                                  *Attorney for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,

    Plaintiff,

  v.

JOHN G. ROBERTS, in his official capacity
as Presiding Officer of the Judicial Conference
of the United States et al.,

    Defendants.

Civil Action No. 25-1232 (TNM)

**[PROPOSED] ORDER**

   UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein,

it is hereby

   ORDERED that Defendant's motion is GRANTED, and it is further

   ORDERED that Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.


SO ORDERED:


_____        _____
Date                TREVOR N. MCFADDEN
                 United States District Judge