UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>       Plaintiff,<br><br>  v.<br><br>JOHN G. ROBERTS, in his official capacity as Presiding Officer of the Judicial Conference of the United States, *et al.*,<br><br>       Defendants. | Civil Action No. 25-1232 (TNM) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................ 2

I.     The Judicial Conference and the Administrative Office Are Not Executive Branch Agencies. ........................................................................................ 2

II.    The Judicial Conference and the Administrative Office Are Within FOIA's Express Exclusion of the Courts of the United States. ......................................... 5

III.   The Administrative Office Director's Status as an "Officer" for Employee Benefits Purposes under Title 5, U.S. Code, Does Not Make the Administrative Office an Executive Agency. .................................................... 6

CONCLUSION ..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

*Page(s)*

**Cases**:

*Adams* v. *Comm. on Jud. Conduct & Disability*,
 165 F. Supp. 3d 911 (N.D. Cal. 2016) ................................................................................... 1

*Armstrong* v. *Exec. Off. of the President*,
 90 F.3d 553 (D.C. Cir. 1995) ................................................................................................. 4

\* *Banks* v. *Dep't of Just.*,
 538 F. Supp. 2d 228 (D.D.C. 2008) ............................................................................... 1, 5, 6

*Cause of Action* v. *Nat'l Archives & Recs. Admin.*,
 753 F.3d 210 (D.C. Cir. 2014) ............................................................................................... 5

\* *Chandler* v. *Jud. Council of the Tenth Cir.*,
 398 U.S. 74 (1970) ......................................................................................................... 1, 2, 4

*Isiwele* v. *U.S. Dep't of Health & Hum. Servs.*,
 85 F. Supp. 3d 337 (D.D.C. 2015) ......................................................................................... 5

*Martin* v. *Bureau of Prisons*,
 444 F.3d 620 (D.C. Cir. 2006) ............................................................................................... 6

\* *Mistretta* v. *United States*,
 488 U.S. 361 (1989) ....................................................................................................... 1, 4, 6

*Risenhoover* v. *Stanfield*,
 767 F. App'x 12 (D.C. Cir 2019) .......................................................................................... 6

*Tashima* v. *Admin. Off. of the U.S. Cts.*,
 967 F.2d 1264 (9th Cir. 1992) ............................................................................................... 5

*Trump* v. *Mazars USA, LLP*,
 591 U.S. 848 (2020) ............................................................................................................... 3

\* *Wayne Seminoff Co.* v. *Mecham*,
 No. 02-cv-2445, 2003 U.S. Dist. LEXIS 5829 (E.D.N.Y. Apr. 10, 2003) ............................ 6

**Statutes**:

5 U.S.C.
 § 551 ............................................................................................................................... 1, 5, 7
 § 552 ....................................................................................................................................... 1

§ 552(a) ............................................................................................................................. 1, 6
§ 552(f) ...................................................................................................................... 1, 4, 5, 7

Judicial Councils Reform and Judicial Conduct and Disability Act of 1980,
    Pub. L. No. 96-458, 94 Stat. 2035 ........................................................................................ 2

**Court Rules**:

Fed. R. Civ. P.
    12(b)(1) ............................................................................................................................... 1
    12(b)(6) ............................................................................................................................... 1
    45(a)(1) ............................................................................................................................... 3

**Legislative History**:

\* H.R. Rep. No. 96-1313 (1980) ................................................................................................ 2, 3

**Secondary Materials**:

9 Moore's Federal Practice (2025) ............................................................................................ 3

Admin. Off. of the U.S. Cts.,
    Understanding the Federal Courts,
    https://perma.cc/Q7EA-7BAT ............................................................................................. 3

Defendants Chief Justice John G. Roberts, Jr., in his official capacity as the Presiding Officer of the Judicial Conference of the United States ("Judicial Conference"), and the Honorable Robert J. Conrad, in his official capacity as the Director of the Administrative Office of the United States Courts ("Administrative Office") (collectively "Defendants") respectfully reply in support of their motion to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Plaintiff's complaint must be dismissed because the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, does not apply to the Judicial Conference or the Administrative Office. FOIA directs "each agency" to provide certain records in response to public requests. *See* 5 U.S.C. § 552(a). The statute provides that "'agency' as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Section 551(1) states that "agency" means "each authority of the Government of the United States . . . but does not include . . . the courts of the United States." 5 U.S.C. § 551(1)(B). As far as Defendants are aware, every court to consider the issue, including this Court, has held that the Judicial Conference and the Administrative Office are not subject to FOIA. *See, e.g., Banks* v. *Dep't of Just.*, 538 F. Supp. 2d 228, 231 (D.D.C. 2008) (dismissing FOIA case against the Administrative Office); *Adams* v. *Comm. on Jud. Conduct & Disability*, 165 F. Supp. 3d 911, 918-19 (N.D. Cal. 2016) (dismissing FOIA case against Judicial Conference committee). Tellingly, Plaintiff cites no case to the contrary. As the Supreme Court has explained, the Judicial Conference and the Administrative Office are in the judicial branch. *See Mistretta* v. *United States*, 488 U.S. 361, 388-90 (1989); *Chandler* v. *Jud. Council of the Tenth Cir.*, 398 U.S. 74, 102 (1970) (Harlan, J., concurring) (noting that Administrative Office is "an arm of the judicial branch of

government"). They are not "independent agencies within the executive branch," Am. Compl. at 13 – the declaratory relief that Plaintiff seeks in this case – and so the complaint should be dismissed with prejudice.

## ARGUMENT

### I. The Judicial Conference and the Administrative Office Are Not Executive Branch Agencies.

Plaintiff argues that the Judicial Conference and Administrative Office are executive branch agencies because they "engage in executive functions, namely they have the power to issue investigative subpoenas and respond to (and have responded to) congressional oversight." Opp. at 1. But the powers that Plaintiff identifies are all "reasonably ancillary to the primary, dispute-deciding function" of the federal courts. *Chandler*, 398 U.S. at 111 (Harlan, J.). That executive agencies might exercise similar powers to serve their own agencies does not make these functions exclusively executive. Instead, the nature of a power depends on the entity exercising it.

Congress granted the Judicial Conference the power to issue investigative subpoenas in the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980. *See* Pub. L. No. 96-458, 94 Stat. 2035 (Oct. 15, 1980). The purpose of the act was "to create a mechanism and procedures *within the judicial branch of government* to consider and respond to complaints against Federal judges . . . and, at the same time, *to maintain the independence and autonomy of the judicial branch of government*." H.R. Rep. No. 96-1313 (96th Cong., 2d Sess., Sept. 10, 1980) (emphasis added). Thus, the Judicial Conference's power to issue investigative subpoenas, far from showing that the Judicial Conference is an executive branch agency, underscores that the Judicial Conference is a judicial branch entity and that this power was intended to strengthen judicial independence. *Id.* at 20 (stating that the act facilitated "administrative proceedings within the judiciary itself"). Congress and courts may also issue subpoenas, and so this power is not a

"quintessentially executive" function.  *See* Opp. at 13; *Trump* v. *Mazars USA, LLP*, 591 U.S. 848, 853 (2020) ("We have held that the House has authority under the Constitution to issue subpoenas to assist it in carrying out its legislative responsibilities."); Fed. R. Civ. P. 45(a)(1)(A)(i) ("Every subpoena must . . . state the court from which it issued."); 9 Moore's Federal Practice § 45.02[1] (2025) ("A [Rule 45] subpoena is a court order . . . .").

Congress would surely be surprised to hear Plaintiff's assertion that it lacks oversight power over the federal judiciary.  *Cf.* Opp. at 1, 13.  The House Report cited above noted that the House held "oversight hearings on the State of the Judiciary," explaining that "[o]versight of the Federal judicial system and the administration of justice is the responsibility of the Committee on the Judiciary."  H.R. Rep. No. 96-1313 at 5, 19 (96th Cong., 2d Sess., Sept. 10, 1980).

Plaintiff next contends, without citation to authority, that the Administrative Office's performance of administrative support functions previously performed by the executive branch makes the Administrative Office an executive branch agency.  *See* Opp. at 5, 10-13.  To the contrary, Congress transferred such functions to allow the judiciary to manage its own affairs in order to promote judicial independence from executive branch interference.  *See* Mot. at 11-12.[1]

---

[1] Plaintiff misleadingly suggests that the Administrative Office's own information brochure states that the Judicial Conference and the Administrative Office are executive branch agencies. *See* Opp. at 1.  The brochure does indeed state that executive branch agencies assist the courts, but it cites as examples the U.S. Marshals Service and the General Services Administration, *not* the Judicial Conference or the Administrative Office.  *See* Admin. Off. of the U.S. Cts., Understanding the Federal Courts 2-3, *available at* https://perma.cc/Q7EA-7BAT (last visited Sept. 3, 2025).  The brochure explains that "[t]he Judicial Conference of the United States is *the federal courts' national policy-making body*" and that "[t]he Administrative Office, *an agency within the judicial branch*, provides a broad range of legislative, legal, financial, technology, management, administrative, and program support services to the federal courts."  *Id.* at 23 (emphasis added).  It makes clear, in other words, that the Judicial Conference and the Administrative Office are judicial branch entities.

Plaintiff further argues that an entity is subject to FOIA if it "exercise[s] executive functions" and that courts need not assess whether an entity's organic statute is consistent with the "magic words" of FOIA's definition of "agency." *See* Opp. at 6. That is, Plaintiff argues that FOIA applies to any entity that "exercise[s] executive functions," *id.*, even if it is not an "establishment in the executive branch . . . or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Even if judicial administration might be considered "executive," the Supreme Court has long recognized that judicial branch entities may administer the judiciary, and that performance of these functions does not make these entities part of the executive branch. *See Mistretta*, 488 U.S. at 387 ("[W]e have . . . approved the assumption of some nonadjudicatory activities by the Judicial Branch. . . . [T]he separation of powers left to each Branch power to exercise, in some respects, functions in their nature executive, legislative, and judicial." (alteration, citation, and quotation marks omitted)); *Chandler*, 398 U.S. at 86 n.7 (majority opinion) ("We see no constitutional obstacle preventing Congress from vesting in the Circuit Judicial Councils, as administrative bodies, authority to make 'all necessary orders for the effective and expeditious administration of the business of the courts within [each] circuit.'"). Plaintiff states that "[f]unction matters for whether an entity is an executive branch agency," citing *Armstrong* v. *Executive Office of the President*, 90 F.3d 553, 558 (D.C. Cir. 1995). *See* Opp. at 7. *Armstrong*, however, addressed whether an entity indisputably part of the executive branch – the National Security Council – was subject to FOIA, or whether it was so closely associated with the President – who is not subject to FOIA – that FOIA did not apply. 90 F.3d at 557-58. It focused on an entity's function because the legislative history showed Congress's intent to exclude from the definition of "agency" those entities "whose sole function is to advise and assist the President." *Id.* at 558 (citation omitted). *Armstrong* emphatically does not support the proposition that judicial

branch entities become executive branch entities subject to FOIA because they allow the judiciary to administer itself.

## II. The Judicial Conference and the Administrative Office Are Within FOIA's Express Exclusion of the Courts of the United States.

Not only are the Judicial Conference and Administrative Office not executive or independent agencies under FOIA, but they are also expressly excluded from FOIA as part of "the courts of the United States." 5 U.S.C. § 551(1)(B). This Court has repeatedly held that the exclusion of "the courts of the United States" from the definition of "agency" "applies to the entire judicial branch of government." *Isiwele* v. *U.S. Dep't of Health & Hum. Servs.*, 85 F. Supp. 3d 337, 353 (D.D.C. 2015) (quoting *Banks*, 538 F. Supp. 2d at 231); Mot. at 8-10. Plaintiff's only response is to cite a decades-old Ninth Circuit case, *Tashima* v. *Administrative Office of the U.S. Courts*, 967 F.2d 1264 (9th Cir. 1992), which does not address FOIA at all. *Tashima* addressed whether a statute required the Administrative Office to pay for a judge's representation in a lawsuit, and the Ninth Circuit merely observed that the Administrative Office is not a court. *Id.* at 1269-70.[2] That out-of-circuit decision says nothing about whether judicial branch entities are included in the definition of "agency" in 5 U.S.C. § 552(f)(1) in the first place. Nor does it address, much less undermine, this Court's decisions holding that judicial branch entities fall within the exclusion of "courts of the United States," just as legislative branch entities fall within the exclusion of "Congress." *See Isiwele*, 85 F. Supp. 3d at 353; *Cause of Action* v. *Nat'l Archives & Recs. Admin.*, 753 F.3d 210, 212 (D.C. Cir. 2014). As this Court has explained, "[i]t matters not . . . that the

---

[2]  Indeed, the Ninth Circuit noted that the Judicial Conference *is* an "Article III entity." *See Tashima*, 967 F.2d at 1270 ("Judicial policymaking is a function traditionally assigned to the Judicial Conference and the Judicial Councils, Article III entities."). The court explained that "the [Administrative Office] works directly for the federal judiciary." *Id.* at 1269. It serves a "ministerial function" for the courts and was "established, in large part, to relieve the Judiciary from possible interference by the Department of Justice." *Id.* at 1271.

Administrative Office of the United States Courts is not a court itself." *Banks*, 538 F. Supp. 2d at 232 (citation and quotation marks omitted). In no event would it follow that, just because the Administrative Office is not a court, it "must instead be an establishment in the executive branch." *Contrast* Opp. at 8, *with Mistretta*, 488 U.S. at 390.

**III.     The Administrative Office Director's Status as an "Officer" for Employee Benefits Purposes under Title 5, U.S. Code, Does Not Make the Administrative Office an Executive Agency.**

Finally, the Administrative Office Director's status as an "officer" for purposes of employee benefits issues under Title 5 of the U.S. Code does not make the Administrative Office an executive branch agency under FOIA. *See* Opp. at 14. In *Wayne Seminoff Co.* v. *Mecham*, the court dismissed a FOIA case against the Administrative Office Director, rejecting as "entirely without merit" the argument that the Administrative Office is subject to FOIA because the Director is an "officer" under Title 5. No. 02-cv-2445, 2003 U.S. Dist. LEXIS 5829, at *19 (E.D.N.Y. Apr. 10, 2003), *aff'd*, 82 F. App'x 740 (2d Cir. 2003). It explained that "FOIA applies only to 'agencies,'" not "officers," and "the statutory purpose in stating that the Director of the [Administrative Office] is an 'officer' for purposes of Title 5, relates solely to employment benefits issues. It does not, in any way, make the Director of the [Administrative Office] subject to the provisions of FOIA." *Id.* at *19-20. Judges are also "officers" under Title 5, and Plaintiff (correctly) does not contend that courts are subject to FOIA. *See* Mot. at 13-14.[3]

---

[3]     Plaintiff incorrectly named individuals, rather than entities, as Defendants in this case. *See* Am. Compl. ¶¶ 15, 18 (listing Chief Justice Roberts and Director Conrad as defendants). FOIA applies to entities, not individuals. *See, e.g.*, *Risenhoover* v. *Stanfield*, 767 F. App'x 12, 13 (D.C. Cir. 2019) (affirming dismissal of FOIA complaint because it "named several government officials as defendants" and FOIA "provides a cause of action only against an 'agency,' not individuals" (first citing 5 U.S.C. § 552(a)(4)(B); then citing *Martin* v. *Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006))); Mot. at 13-14 (arguing that "FOIA applies to 'agencies,' not 'officers'"). But Plaintiff's complaint should be dismissed with prejudice even if it had appropriately named entities, rather than individuals, as defendants, for the reasons discussed above.

\* \* \*

In sum, this Court should dismiss this case with prejudice because FOIA's definition of "agency" under 5 U.S.C. § 552(f)(1) does not include the Judicial Conference or the Administrative Office. As the Supreme Court has explained, those entities are judicial branch, not executive branch, entities. The Judicial Conference and Administrative Office are moreover expressly excluded by 5 U.S.C. § 551(1)(B), as this Court has repeatedly held. Plaintiff cites no authority supporting its assertion that the Judicial Conference and Administrative Office are subject to FOIA and the Defendants are aware of none. This Court should reject Plaintiff's invitation to ignore FOIA's plain text, to ignore the Supreme Court's characterization of the Judicial Conference and Administrative Office as judicial branch entities, and to ignore this Court's decisions holding that judicial branch entities are not subject to FOIA.

## CONCLUSION

For these reasons, and for the reasons in Defendants' Motion to Dismiss, the Amended Complaint should be dismissed with prejudice.

Dated: September 4, 2025

Respectfully submitted,

By: */s/ Ethan V. Torrey*
    ETHAN V. TORREY
    Legal Counsel
    Supreme Court of the United States
    One First Street, N.E.
    Washington, D.C. 20543
    (202) 479-3282
    D.C. Bar No. 1740399

*Attorney for John G. Roberts, in his official capacity as Presiding Officer of the Judicial Conference of the United States.*

JONATHAN Y. ELLIS
McGuireWoods LLP
501 Fayetteville St., Suite 500
Raleigh, NC 27601
(919) 755-6688
D.C. Bar No. 1020074

JOHN MORAN
D.C. Bar No. 1014598
GRACE SIMMONS GREENE
D.C. Bar No. 90024082
McGuireWoods LLP
888 16th Street, N.W., Suite 500
Washington, D.C. 20006
(202) 828-2817

*Attorneys for Robert J. Conrad, in his official capacity as Director of the Administrative Office of the United States Courts.*